**Clovis Carl GREEN, Plaintiff,**

v.

**Donald R. JENKINS et al. Defendants.**

**No. 78 4200 CV C.**

United States District Court,
W. D. Missouri, C. D.

Nov. 27, 1978.

Clovis Carl Green, Jr., pro se.

Paul Robert Otto, Asst. Atty. Gen., Chief Counsel, Crim. Div., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER DISMISSING CAUSE UNDER 28 U.S.C. § 1915(d)

ELMO B. HUNTER, District Judge.

Under the provisions of Section 636, Title 28, United States Code, and in accordance with the provisions of the Special Order of the Court *en banc* of December 22, 1976, and Local Rule 26 of this Court, the above-styled civil rights action was referred to the United States magistrate for the hearing and determining of all pretrial and prehearing matters under Subsection (b)(1)(A) of Section 636, *supra*, and the making of proposed findings of fact and recommendations with respect to the disposition of actions and the taking of other actions under Subsection (b)(1)(B) of Section 636, *supra*. Following that reference, the United States magistrate, on November 10, 1978, entered his Report and Recommendation that the cause be dismissed as "malicious" under the provisions of Section 1915(d), Title 28, United States Code.

■ The Report and Recommendation of the United States magistrate should be and is adopted and the cause should be dismissed under Section 1915(d), *supra*. A review of the entire case file in this cause, including all pleadings and other documents, convinces the Court that the United States magistrate would, in all proper cases, grant a hearing upon colorably valid claims raised by any litigant. But here, however, the plaintiff has had a long established pattern of harassment and bad faith. See *Green v. Wyrick*, 428 F.Supp. 732, 735–36 (W.D.Mo.1976). And, it is readily determinable from the files herein that this cause has been initiated in bad faith, apparently for the purposes of harassment. For example, in the instant cause plaintiff sets forth a number of miscellaneous-type claims, many, if not all, of which have previously been presented in prior actions. Moreover, the factual allegations supporting these asserted claims set forth little or no detail so as to give the Court any opportunity to really determine if a civil rights violation has occurred. And finally, it is noteworthy that this cause is one of seven filed by plaintiff within a period of approximately one month, each naming as defendants various and diverse persons.

Upon careful, independent consideration of the case file herein, it is completely clear that once again plaintiff is not presenting in good faith any civil rights claim not unsuccessfully previously presented. The record in this case affirmatively shows

plaintiff's long-established pattern of bad faith, abuse of judicial process, and maliciousness.

For all of the foregoing reasons, it is therefore

ORDERED and ADJUDGED that the above-styled cause should be, and it is hereby, dismissed as "malicious" under the provisions of Section 1915(d), Title 28, United States Code.

## APPENDIX

REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE THAT THE CAUSE BE DISMISSED AS "MALICIOUS" UNDER THE PROVISIONS OF 28 U.S.C. § 1915(d)

RICHARD H. RALSTON, Magistrate.

Plaintiff, a state prisoner at the Missouri State Penitentiary at Jefferson City, Missouri, and perhaps the most prolific "writ-writer" in the nation, has provisionally filed in forma pauperis a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343(3), seeking to litigate some sixteen (16) diverse claims concerning the conditions of his confinement, the majority of which he has presented in prior pleadings and actions. He seeks declaratory and injunctive relief and damages in the amount of $1,000,000. Named as parties defendant are Donald R. Jenkins, Director of the Missouri Division of Corrections, and Donald W. Wyrick, Warden of the Missouri State Penitentiary. Following the provisional filing of this cause in forma pauperis, it was referred to the undersigned United States magistrate for processing in accordance with the provisions of 28 U.S.C. § 636; the Special Order of the Court *en banc* of December 22, 1976, providing for the reference of such actions; and Local Rule 26 of the United States District Court for the Western District of Missouri. This action is one

of seven filed by plaintiff within a period of approximately one month.

 While plaintiff has been granted provisional leave to proceed in forma pauperis,* it is clear that the cause should be dismissed under the provisions of 28 U.S.C. § 1915(d). Under the provisions of Section 1915(d), *supra*, the Court is authorized to dismiss a prospective action whenever it is satisfied, in its discretion, that the proposed action is "frivolous *or* malicious" (emphasis added). Noteworthy is the fact that Congress, in enacting subsection (d) of Section 1915, *supra*, set forth two standards; one creating a standard of "frivolity," and the other creating a standard of "maliciousness." By providing a standard of "frivolity," Congress clearly has authorized the federal courts to dismiss an action which presents issues that are insubstantial, either legally or factually. See, generally, *Jones v. Bales*, 58 F.R.D. 453, 463 (N.D.Ga.1972), aff'd 480 F.2d 805 (5th Cir. 1973); *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1973), aff'd 516 F.2d 898 (5th Cir. 1975); *Boston v. Stanton*, 450 F.Supp. 1049 (W.D.Mo.1978); *State of Louisiana ex rel. Purkey v. Ciolino*, 393 F.Supp. 102 (E.D.La.1975); and *Clark v. Zimmerman*, 394 F.Supp. 1166 (M.D.Ga. 1975). "A determination as to frivolity is a legal determination as to whether there 'exists substantiality as to [a plaintiff's claim] of justiciable basis and of impressing reality.'" *Serna v. O'Donnell*, 70 F.R.D. 618 (W.D.Mo.1976), quoting *Carey v. Settle*, 351 F.2d 483 (8th Cir. 1965). But subsection (d) of Section 1915, *supra*, couched in the disjunctive, also empowers the Court to dismiss, in its discretion, an action which is "malicious." The purpose of this additional standard is to protect the courts, defendants, and other litigants against plaintiffs or petitioners motivated by malice. For, as stated in *O'Connell v. Mason*, 132 F. 245 (1st Cir. 1904) at 247:

It is quite clear that Congress, while intending to extend to poor and meritorious

---

* It is the practice of this Court to provisionally file those actions in which leave to proceed in forma pauperis is requested, and then proceed to a determination of whether or not the appli- cant is eligible under Section 1915, *supra*. A determination of "frivolity" or "maliciousness" may then be made at any stage of the subsequent proceedings.

suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.

Quoted with approval in *Duhart v. Carlson*, 469 F.2d 471, 478 (10th Cir. 1972), cert. den. 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). Subsection (d) of Section 1915, *supra*, thus "empowers the court to monitor the action to the end of avoiding or minimizing abusive prosecutions of civil actions in forma pauperis by indigent defendants who seek to exploit or to abuse the generous purposes of the statute." *Mann v. Leeke*, 73 F.R.D. 264, 265 (D.S.C.1974), aff'd 551 F.2d 307 (4th Cir. 1977). See, generally, Note, *Petitioner to Sue in Forma Pauperis: Standards and Procedures for the Exercise of Judicial Discretion*, 56 Boston L.Rev. 745, 746, 747 (1976).

As indicated by Judge Elmo B. Hunter, in *Green v. Wyrick*, 428 F.Supp. 732, 735 (W.D. Mo.1976), and *Green v. Garrott*, 71 F.R.D. 680 (W.D.Mo.1976), and by a substantial number of other federal jurists, plaintiff has "a continuing history of engaging in gross abuse of the judicial process which is impeding the ability of the judiciary to carry out its proper functions." This willful abuse of process has also been conducted in the state courts, as illustrated by a recent state court characterization of plaintiff's activities as "a calculated abuse of process of the same or similar nature as that condemned by the federal district court." *Clovis Carl Green, Jr. v. State of Missouri*, Civil Action No. 78 2824 (Mo.Cir.Ct., 8/24/78, unpublished opinion). A partial catalogue of the literally "hundreds" of lawsuits initiated by plaintiff, involving both the trial and appellate courts of the state and federal judicial systems, appears in *Green v. Garrott*, 71 F.R.D. 680, 685–92 (W.D.Mo.1976), and *Green v. Wyrick*, 414 F.Supp. 343, 353 (W.D.Mo.1976). To that list should be add-ed the thirty-four additional actions plaintiff has filed in this Court since the compilation of that listing: *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 158–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 173–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 180–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 183–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 186–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 76 CV 206–C (W.D.Mo. 1976); *Clovis Carl Green, Jr. v. Edward Haynes, et al.*, Civil Action No. 76 CV 205–C (W.D.Mo.1976); *Clovis Carl Green, Jr. v. Edward Haynes*, Civil Action No. 77 4106 CV–C (W.D.Mo.1977); *Clovis Carl Green, Jr. v. Carl White, et al.*, Civil Action No. 77 4026 CV–C (W.D.Mo. 1977); *Clovis Carl Green, Jr. v. Missouri Board of Probation and Parole*, Civil Action No. 77 4306 CV–C (W.D.Mo.1977); *Clovis Carl Green, Jr. v. Director, Missouri Division of Corrections, et al.*, Civil Action No. 77 4315 CV–C (W.D.Mo.1977); *Clovis Carl Green, Jr. v. State of Missouri, et al.*, Civil Action No. 78 4027 CV–C (W.D.Mo.1978); *Clovis Carl Green, v. Donald W. Wyrick, et al.*, Civil Action No. 78 4028 CV–C (W.D. Mo.1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick, et al.*, Civil Action No. 78 4055 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick*, Civil Action No. 78 4056 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Missouri Division of Corrections*, Civil Action No. 78 4057 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick*, Civil Action No. 78 4058 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. United States of America, et al.*, Civil Action No. 78 0055 CV–4–R (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Director, Missouri Division of Corrections*, Civil Action No. 78 4106 CV–4–R (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick, et al.*, Civil Action No. 78 4107 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick, et al.*, Civil Action No. 78 4148 CV–C (W.D.Mo.1978);

*Clovis Carl Green, Jr. v. State of Missouri, et al.,* Civil Action No. 4201 CV–C (W.D.Mo. 1978); *Clovis Carl Green, Jr. v. Donald R. Jenkins, et al.,* Civil Action No. 78 4200 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Clerk, United States District Court for the Western District of Missouri, et al.,* Civil Action No. 78 4203 CV–C (W.D.Mo. 1978); *Clovis Carl Green, Jr. v. Sgt. Dearixon, et al.,* Civil Action No. 78 4207 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Donald Wyrick,* Civil Action No. 78 4216 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Lt. Durham, et al.,* Civil Action No. 78 4222 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Joseph Keene, et al.,* Civil Action No. 78 4223 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Jerry Archer, et al.,* Civil Action No. 78 4224 CV–C (W.D.Mo. 1978); *Clovis Carl Green, Jr. v. Lt. Beckley, et al.,* Civil Action No. 78 4225 CV–C (W.D. Mo.1978); *Clovis Carl Green, Jr. v. Mr. Dawson, et al.,* Civil Action No. 78 4226 CV–C (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Susan Stanton,* Civil Action No. 78 0737 CV–W–4–R (W.D.Mo.1978); *Clovis Carl Green, Jr. v. Edward Haynes, et al.,* Civil Action No. 77 0076 CV–W–4–R (W.D. Mo.1978); and *Clovis Carl Green, Jr. v. United States of America, et al.,* Civil Action No. 78 0055 CV–W–4–R (W.D.Mo. 1978); the four actions filed in the United States District Court for the Eastern District of Missouri: *Clovis Carl Green, Jr. v. Carl White,* Civil Action No. 78 20–C (E.D. Mo.1978); *Clovis Carl Green, Jr. v. Carl White, et al.,* Civil Action No. 78 1144–C(3) (E.D.Mo.1978); *Clovis Carl Green, Jr. v. Missouri Board of Probation and Parole,* Civil Action No. 76 452 C(2) (E.D.Mo.1978); and *Clovis Carl Green, Jr. v. Dr. Harold Robb,* Civil Action No. 76 421–C(2) (E.D.Mo. 1978); the sixty-six actions filed in the United States Court of Appeals for the Eighth Circuit: *Clovis Carl Green, Jr. v. Edward Haynes, et al.,* No. 76–1802 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Carl White, et al.,* No. 76–1929 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. H. Kenneth Wangelin, et al.,* No. 76–1940 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. H. Kenneth Wangelin, et al.,* No. 76–1941 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter,* No. 76–1942 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* No. 76–1943 (8th Cir. 1976); *In re: Clovis Carl Green, Jr.,* No. 78–1442 (8th Cir. 1978); *Clovis Carl Green, Jr. v. Donald W. Wyrick, et al.,* No. 78–1698 (8th Cir. 1978); *Clovis Carl Green, Jr. v. Carl White,* No. 78–1714 (8th Cir. 1978); *Clovis Carl Green, Jr. v. Hon. John Regan, et al.,* Misc. No. 76–8114 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Edward Haynes, et al.,* Misc. No. 76–8126 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Carl White,* Misc. No. 76–8133 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. William H. Becker, et al.,* Misc. No. 76–8135 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8140 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. H. Kenneth Wangelin, et al.,* Misc. No. 76–8147 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8148 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. H. Kenneth Wangelin,* Misc. No. 76–8156 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter,* Misc. No. 76–8164 (8th Cir. 1976); *Clovis Carl Green, Jr. v. United States, et al.,* Misc. No. 76–8175 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. H. Kenneth Wangelin, et al.,* Misc. No. 76–8176 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter,* Misc. No. 76–8177 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8184 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Carl White, et al.,* Misc. No. 76–8185 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Haynes, et al.,* Misc. No. 76–8189 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8201 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76 8202 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8209 (8th Cir. 1976); *Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al.,* Misc. No. 76–8228 (8th Cir. 1976); *Clovis Carl Green, Jr. v. United States, et al.,* Misc. No. 76–8229 (8th Cir. 1976); *Clovis Carl*

Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 76–8249 (8th Cir. 1976); Clovis Carl Green, Jr. v. Donald W. Wyrick, et al., Misc. No. 76–8250 (8th Cir. 1976); Clovis Carl Green, Jr. v. Donald Wyrick, Misc. No. 76–8253 (8th Cir. 1976); Clovis Carl Green, Jr. v. Carl White, et al., Misc. No. 77–8029 (8th Cir. 1977); Clovis Carl Green, Jr. v. Donald W. Wyrick, et al., Misc. No. 77–8145 (8th Cir. 1977); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 77–8251 (8th Cir. 1977); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 77–8253 (8th Cir. 1977); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 78–8021 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 78–8022 (8th Cir. 1978); Clovis Carl Green, Jr. v. U. S. District Court, et al., Misc. No. 78–8043 (8th Cir. 1978); Clovis Carl Green, Jr. v. U. S. District Court for the Western District of Missouri, Misc. No. 78–8049 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 78–8054 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Richard H. Ralston, et al., Misc. No. 78–8055 (8th Cir. 1978); Clovis Carl Green, Jr. v. State of Missouri, et al., Misc. No. 78–8059 (8th Cir. 1978); Clovis Carl Green, Jr. v. United States, et al., Misc. No. 78–8095 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Richard Ralston, et al., Misc. No. 78–8096 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 78–8105 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Richard Ralston, et al., Misc. No. 78–8126 (8th Cir. 1978); Clovis Carl Green, Jr. v. Donald W. Wyrick, et al., Misc. No. 78–8164 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Richard Ralston, et al., Misc. No. 78–8167 (8th Cir. 1978); Clovis Carl Green, Jr. v. Donald Wyrick, Misc. No. 78–8171 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Elmo B. Hunter, et al., Misc. No. 78–8172 (8th Cir. 1978); Clovis Carl Green, Jr. v. U. S. District Court for the Eastern District of Missouri, Misc. No. 78–8184 (8th Cir. 1978); Clovis Carl Green, Jr. v. United States District Court for the Western District of Missouri, Misc. No. 78–8189 (8th Cir. 1978); Clovis Carl Green, Jr. v. Hon. Elmo B.

Hunter, et al., Misc. No. 78–8191 (8th Cir. 1978); Clovis Carl Green, Jr. v. Clerk, U. S. District Court, et al., Misc. No. 78–8199 (8th Cir. 1978); Clovis Carl Green, Jr. v. Donald W. Wyrick, et al., Misc. No. 78–8204 (8th Cir. 1978); In the Matter of: Green and Steven Dale Davis, Petitioners, Misc. No. 78–8205 (8th Cir. 1978); In re: Green, Petitioner, Misc. No. 78–8214 (8th Cir. 1978); In re: Green, Petitioner, Misc. No. 78–8215 (8th Cir. Petitioner, Misc. No. 78–8215 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8216 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8217 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8219 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8220 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8221 (8th Cir. 1978); In re: Green, Petitioner, Misc. No. 78–8222 (8th Cir. 1978); In re : Green, Petitioner, Misc. No. 78–8225 (8th Cir. 1978); the eleven actions filed in the Supreme Court of the United States: Clovis Carl Green, Jr. v. United States, No. 72–5880 (1972); Clovis Carl Green, Jr. v. United States, No. 73–5433 (1973); Clovis Carl Green, Jr. v. Elmo B. Hunter, et al., No. 75–5421 (1975); Clovis Carl Green, Jr. v. Elmo B. Hunter, et al., No. 76–5155 (1976); Clovis Carl Green, Jr. v. H. Kenneth Wangelin, et al., No. 76–5195 (1976); Clovis Carl Green, Jr. v. Donald W. Wyrick, No. 76–5317 (1976); Clovis Carl Green, Jr. v. United States District Court for the Western District of Missouri, No. 77–6379 (1977); Clovis Carl Green, Jr. v. Elmo B. Hunter, No. 77–6362 (1977); Clovis Carl Green, Jr. v. Elmo B. Hunter, No. 77–6555 (1977); Clovis Carl Green, Jr. v. Missouri Board of Probation & Parole, No. 78–5407 (1978); and Clovis Carl Green, Jr. v. Richard Ralston, No. 78–5351 (1978); the eight actions filed in the Supreme Court of Missouri: Clovis Carl Green, Jr. v. Donald Wyrick, No. 59664 (Mo.1976); Clovis Carl Green, Jr. v. Director, Division of Corrections, No. 60743 (1978); Clovis Carl Green, Jr. v. Donald R. Jenkins, et al., No. 60923 (Mo.1978); Clovis Carl Green, Jr. v. State of Missouri, et al., No. 60924 (Mo.1978); Clovis Carl Green, Jr. v. Missouri Board of Probation and Parole, No. 60325 (Mo.1978); Clovis Carl Green, Jr.

v. Director, Missouri Division of Corrections, No. 60938 (Mo.1978); Clovis Carl Green, Jr. v. Circuit Court of Jackson County, Missouri, No. 60945 (Mo.1978); and Clovis Carl Green, Jr. v. Circuit Court of Cole County, Missouri, No. 61061 (Mo.1978); the seventeen actions filed in the Missouri Court of Appeals: Clovis Carl Green, Jr. v. Henry R. Bratkowski, No. 028769 (Mo.App. 1976); Clovis Carl Green, Jr. v. Missouri Board of Probation and Parole, No. 028771 (Mo.App.1976); Clovis Carl Green, Jr. v. Edward Haynes, No. 028770 (Mo.App.1976); In Re Clovis Carl Green, Jr. v. Donald Wyrick, No. 028854 (Mo.App.1976); Clovis Carl Green, Jr. v. Donald Wyrick, No. 028949 (Mo.App.1976); Clovis Carl Green, Jr. v. Donald Wyrick, No. 029110 (Mo.App.1976); Clovis Carl Green, Jr., et al. v. Donald W. Wyrick, No. 30180 (Mo.App.1978); Clovis Carl Green, Jr. v. Circuit Court of Jackson County, Missouri, No. 30359 (Mo.App.1978); Clovis Carl Green, Jr. v. Honorable Byron Kinder and Hon. James T. Riley, No. 30360 (Mo.App.1978); Clovis Carl Green, Jr. v. Missouri Board of Probation & Parole, No. 30365 (Mo.App.1978); Clovis Carl Green, Jr. v. Division of Corrections and Donald Wyrick, No. 30373, (Mo.App.1978); Clovis Carl Green, Jr. v. State of Missouri and Donald Wyrick, No. 30374 (Mo.App.1978); Clovis Carl Green, Jr. v. State of Missouri, No. 30436 (Mo.App.1978); Clovis Carl Green, Jr. v. State of Missouri, No. 30454, (Mo.App. 1978); Clovis Carl Green, Jr. v. State of Missouri, No. 30464, (Mo.App.1978); Clovis Carl Green, Jr. v. Donald W. Wyrick, No. 30474 (Mo.App.1978); and Clovis Carl Green, Jr. v. Cole County Circuit Court, No. 30520 (Mo.App.1978); the four actions filed in the Circuit Court of Jackson County, Missouri: Clovis Carl Green, Jr. v. State of Missouri, No. CV 78–2295 (1978); Clovis Carl Green, Jr. v. State of Missouri, No. CV 78–2360 (1978); Clovis Carl Green, Jr. v. State of Missouri, No. CV 78–2510 (1978); and Clovis Carl Green, Jr. v. State of Missouri, No. CV 78–2824 (1978); and the fifteen actions filed in the Circuit Court of Cole County, Missouri: Clovis Carl Green, Jr. v. Donald W. Wyrick, No. 28677 (1976); Clovis Carl Green v. Director, Division of Corrections, No. 28710 (1976); Clovis Carl Green, Jr. v. Department of Probation and Parole, No. 29133 (1977); Clovis Carl Green, Jr. v. Department of Probation and Parole and Director, Division of Corrections, No. 30184 (1978); Clovis Carl Green, et al. v. Donald W. Wyrick, No. 30214 (1978); Clovis Carl Green, Jr., et al. v. Director, Division of Corrections, et al., No. 30270 (1978); Clovis Carl Green, Jr. v. Donald W. Wyrick, No. 30292 (1978); Clovis Carl Green, Jr. v. Governor, et al., No. 30661 (1978); Clovis Carl Green, Jr. v. Board of Probation and Parole, No. 30665 (1978); Clovis Carl Green, Jr. v. Board of Probation and Parole, No. 30663 (1978); Clovis Carl Green, Jr. v. Donald W. Wyrick, No. 30665 (1978); Clovis Carl Green, et al. v. Director, Division of Corrections, et al., No. 30685 (1978); Clovis Carl Green, Jr. v. Director, Division of Corrections, No. 30614 (1978); Clovis Carl Green, Jr. v. Board of Probation and Parole, No. 30615 (1978); Clovis Carl Green, Jr. v. Director, Division of Corrections, No. 30634 (1978); Clovis Carl Green, Jr. v. Director, Division of Corrections, et al., No. 30895 (1978).

In Green v. Wyrick, Misc. No. 76–8096 (8th Cir., June 3, 1976, unpublished opinion), the United States Court of Appeals stated, "[T]here is strong reason to believe that [Clovis Carl Green, Jr.,] may be seriously abusing his right to access to the courts for redress for grievances . . .". As evidenced by the foregoing, that belief is a reality. As stated by Judge Donald P. Lay, in Green v. Garrott, Misc. No. 76–8184 (8th Cir., Nov. 2, 1976, unpublished opinion):

[T]hrough gross abuse of the legal process, Green's situation runs parallel with the epic story of the boy who yelled "wolf" too many times—when he actually needed help nobody would believe him. It may be that within the multitude of claims Mr. Green has filed, he has somewhere alleged a legitimate grievance. Notwithstanding the meticulous efforts of busy federal district and appellate

judges to find a real grievance, one may nonetheless have been overlooked. Mr. Green has only himself to blame for this. In addition, primarily due to abusive writ writing by prisoners such as Green, the Supreme Court unfortunately in my opinion, has begun to place substantive and procedural restrictions on prisoners' rights previously recognized under the Great Writ. Cf. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) * * * It is common sense that conscientious recognition of prison rights can continue only as long as the process is not abused by prisoners to the extent that renders it meaningless. We are coming dangerously close to that time.

And, judging from his correspondence addressed to this Court, plaintiff intends to continue his abuse of process at an accelerated, continued and unabated pace. For, by letter received by the Court on November 1, 1978, plaintiff states, "I have completed the ten separate civil rights complaints that are ready to be notarized and mailed" and requests, "[p]lease send me another ten more civil rights complaint forms and five more sets for filing habeas corpus petitions at once, as I wish to file more court suits." Moreover, plaintiff's intentional abuse of process extends beyond the mere filing of civil actions in the state and federal courts. In virtually every case, plaintiff has made the task of orderly processing extremely difficult, if not impossible, by the submission, often ex parte, of countless motions and documents and his deliberate avoidance of compliance with procedural rules. *Green v. Wyrick*, 428 F.Supp. 732, 736 (W.D.Mo. 1976); and *Clovis Carl Green, Jr. v. Carl White, et al.*, Civil Action No. 77 4026 CV–C (W.D.Mo.).

Aside from the sheer quantity of plaintiff's litigation, the quality of his claims also demonstrates the maliciousness of the legal actions which he has initiated against prison officials, court personnel, and judicial officers. For example, in the cases styled *Clovis Carl Green, Jr. v. Donald Wyrick, et al.*, Civil Action No. 77 4315 CV–C (W.D. Mo.), and *Clovis Carl Green, Jr. v. Missouri Board of Probation and Parole, et al.*, Civil Action No. 77 4306 CV–C (W.D.Mo.), plaintiff alleged that prison disciplinary actions had been, and were continuing to be, initiated against him by prison officials, resulting in his confinement in segregated units, in retaliation for his legal activities and for his attempts to proselytize on behalf of his newly-founded "religion." After a full three-day evidentiary hearing, at which plaintiff was represented by able counsel, appointed by the Court, it was clearly evident that "in each instance of disciplinary action shown . . ., plaintiff [had] not been disciplined for his legal activities, but rather for clear violations of prison rules and regulations." *Id.* (unpublished Report and Recommendation of May 10, 1978). And a later evidentiary hearing set in those cases, the purpose of which was to adjudicate plaintiff's "religious" claims, was aborted by his dismissal of those actions. Another evidentiary hearing, set in the cause styled, *Clovis Carl Green, Jr. v. Donald Wyrick*, Civil Action No. 78 4216 CV–C (W.D.Mo.), to determine his claim that other inmates and prison supervisory personnel had physically abused him, was again dismissed by plaintiff on the morning of trial. Thus, it is clear that, in virtually every instance in which plaintiff's claims have appeared colorably valid on the face of his pleadings, an evidentiary probing of those claims has revealed total insubstantiality. See: *Green v. Wyrick*, 428 F.Supp. 732, 763 (W.D.Mo.1976), and *Green v. United States of America, et al.*, Civil Action No. 76 CV–100–C (E.D.Mo.1976).

"[N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Ex parte Tyler*, 70 F.R.D. 456 (W.D.Mo. 1976). Accordingly, in light of plaintiff's history ** in this, and other courts, of initia-

---

** A court "has authority to consult its own records for the purpose of determining whether an action being prosecuted in forma pauperis, not-

withstanding the application so to do and the supporting affidavit are regular and sufficient on their face, is in fact frivolous and malicious,

ting frivolous and malicious litigation against prison authorities, parole officials, court personnel, judicial officers, and other governmental officers, and his demonstrated abuse of the judicial process at public expense, involving extreme costs in terms of time and expense on the part of state and federal judicial and executive personnel, and the public as a whole, this action should be characterized as "malicious" and should be dismissed for that reason alone.

For the reasons stated above, and pursuant to the provisions of 28 U.S.C. § 636, it is therefore

RECOMMENDED that the above-styled cause be dismissed as "malicious" under 28 U.S.C. § 1915(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) plaintiff may make specific written exceptions to any or all of the foregoing recommendations within 10 days of his receipt thereof.

Dated this 10th day of November, 1978, at Kansas City, Missouri.

and it may dismiss the action if it finds it is frivolous and malicious." *Duhart v. Carlson, supra.* See also: *Conway v. Oliver,* 429 F.2d 1307 (9th Cir. 1970).