Charles HORSEY, Plaintiff,

v.

David ASHER, Defendant,

Charles HORSEY, Plaintiff,

v.

CLERK, CIRCUIT COURT FOR the COUNTY OF GREENE, et al., Defendants.

Nos. 83–3306–CV–S–4, 83–3356–CV–S–4.

United States District Court,
W.D. Missouri, S.D.

June 17, 1983.

Charles Horsey, pro se.

O.J. Taylor, Taylor, Stafford & Woody, Springfield, Mo., for defendants.

## ORDER

RUSSELL G. CLARK, Chief Judge.

On March 10, 1983, plaintiff was convicted by a jury in the Circuit Court of Greene County, Missouri on six counts of receiving stolen property. *State v. Horsey*, No. CR382–79–FX–3 (Greene County Circuit Court). Plaintiff filed a notice of appeal from those convictions on April 11, 1983. Another criminal case, alleging eight counts of stealing and six counts of burglary in the second degree, is also presently pending against the plaintiff in the Circuit Court of Greene County. *State v. Horsey*, No. CR382–78–FX–3 (Greene County Circuit Court). On May 13, 1983 plaintiff filed a pro se 42 U.S.C. § 1983 action in this Court alleging that the defendants, police officers of Springfield, Missouri, deprived him of his constitutional rights. On May

17, 1983 this Court entered an order denying plaintiff leave to proceed in forma pauperis on eight of his ten claims asserted in Case No. 83–3306–CV–S–4 because the Court was satisfied that those counts were frivolous. The Court, however, granted plaintiff leave to proceed in forma pauperis on two of his claims against Detective Asher of the Springfield Police Department.

On June 6, 1983, plaintiff filed another civil rights action against three judges of the Circuit Court of Greene County, Missouri; the prosecuting attorney of Greene County, Missouri; and the clerk of the Circuit Court of Greene County, Missouri. Plaintiff contends that those defendants conspired to deny plaintiff meaningful access to the courts by refusing to provide him with court documents and by providing this Court with false information. Plaintiff also alleges that his privately retained attorney, formerly an Associate Circuit Judge for the Circuit Court of Greene County, Missouri, refused to represent plaintiff in this civil rights action and was being "terrorized" by the other defendants. Thus, plaintiff's motion for leave to proceed in forma pauperis in Case No. 83–3356–CV–S–4 is presently before this Court. Before discussing that motion, the Court will consolidate Case No. 83–3306–CV–S–4 with Case No. 83–3356–CV–S–4 because a common question of law will result in the dismissal of both complaints. Rule 42(a).

■ Since dismissal of the plaintiff's complaints is predicated not on Federal Rule of Civil Procedure 12 but 28 U.S.C. § 1915(d), some general discussion of that statute is appropriate. Section 1915 provides the statutory basis for in forma pauperis proceedings in federal courts. Subsection (d) provides, in part, that "[t]he court may ... dismiss the case [filed in forma pauperis] if satisfied that the action is frivolous or malicious." Although the words "frivolous or malicious" are not defined in the statute, this Court reads subsection (d) as a very broad grant of discretion to the district courts from the United States Congress regarding management of in forma pauperis actions. Subsection (d) is a grant of power to dismiss in situations where dismissal under Federal Rule of Civil Procedure 12 might otherwise be improper. *Cruz v. Beto*, 405 U.S. 319, 328, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972). *Boag v. Boies*, 455 F.2d 467, 468 (9th Cir. 1972); *Fletcher v. Young*, 222 F.2d 222, 224 (4th Cir.1955). The purpose underlying 28 U.S.C. § 1915(d) was eloquently stated by Judge Aldrich in *O'Connell v. Mason*, 132 F. 245 (1st Cir.1904):

> It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.

132 F. at 247. And several courts have stated that Congress contemplated that a court's discretionary power to excise frivolous or malicious actions is to be exercised on a case-by-case basis, dependent upon the particular facts. *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D.Miss.1969) *affirmed* 422 F.2d 810 (5th Cir.1970).

There exists persuasive and convincing reasons for the United States Congress to vest the district courts with broader discretion and dismissal powers in forma pauperis suits than in other types of actions. This is especially true in damage actions brought by convicted prisoners. As noted by Judge Aldridge, persons proceeding in forma pauperis are immune from imposition of costs if they are unsuccessful. Because of their poverty, they are practically immune from later tort actions for malicious prosecution or abuse of process and from fines imposed by the courts. Unlike normal litigants, indigents have nothing to lose and everything to gain by filing claims. The temptation to file complaints alleging facts which cannot be proved is

obviously stronger. And for convicted prisoners with much idle time and free paper, typewriters, law libraries, and mailing privileges, the temptation is especially pronounced. As one Justice of the Supreme Court has noted, "[t]hough [an inmate] may be denied legal relief, he will nonetheless have obtained a short sabbatical in the nearest federal courthouse." *Cruz v. Beto*, 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972).

One need only review the case law to realize that the problem presented by prisoner actions is not imaginary. In *Mann v. Leeke*, 73 F.R.D. 264 (D.S.C.1974), a prisoner brought a civil rights action alleging cruel and unusual punishment in permitting female personnel to work in the environment of male prisoners because the female personnel stimulated the prisoners' sexual drives to their frustration. *Gordon v. Secretary of State of New Jersey*, 460 F.Supp. 1026 (D.N.J.1978), involved a prisoner that filed an action charging that he was denied the office of the Presidency of the United States because of his illegal incarceration in jail. In *Searight v. State of New Jersey*, 412 F.Supp. 413 (D.C.N.J. 1976), a prisoner filed a civil rights suit alleging that the defendants unlawfully injected him in the left eye with a radium electric beam and that, as a result, someone now talks to him in the inside of his brain. Dismissing the case on other grounds, that court nevertheless considered whether plaintiff's claim fell under the sole jurisdiction of the Federal Communications Commission as a presumably unlicensed radio communication and offered plaintiff the practical suggestion that he could block the broadcast to the antenna in his brain by simply grounding his antenna with the use of a paperclip chain extending from the back of the plaintiff's trousers to the floor. Of course, the case of *United States ex rel. Mayo v. Satan and His Staff*, 54 F.R.D. 282 (W.D.Pa.1971), must be discussed. There, plaintiff brought a civil rights action against Satan and his servants who allegedly placed deliberate obstacles in plaintiff's path and caused his downfall. The Court dismissed that case for the plaintiff's failure to perfect service of process. In *Ruth v. United States Congress*, 71 F.R.D. 676 (D.N.J.1976), a federal inmate filed an action against the United States Congress alleging that the federal district courts are overworked and underpaid by the consequence of the defendant's failure to increase judicial compensation in the past seven years despite an enormous increase in the cost of living, caseload and backlog. With an unprecedented showing of self-denial, that court dismissed the claim as frivolous but not before positing the probing question as to why federal district courts are only allowed a staff of three persons whereas members of Congress are entitled to a staff of sixteen.

A case which represents the true nature of the beast which has been created is *Kent Norman v. Ronald Reagan*, 95 F.R.D. 476 (D.Ore.1982). There, a prisoner filed a civil rights action alleging that the defendant Ronald Reagan had caused him "civil death without legislation." Plaintiff demanded a jury trial in federal court for parking fines assessed by a local municipality. Plaintiff also sought an injunction against "White Line Fevers from Mars" which was, allegedly, a fruit company which shipped marijuana and cocaine in "fruit boxes" for Mother's Day. Plaintiff also requested social security payments. Relying on 28 U.S.C. § 1915(d), the district court properly dismissed the action as frivolous. The Ninth Circuit Court of Appeals disagreed and reversed.

Neither has this Court been safe from the deluge. One prisoner has filed over five hundred separate cases in this Court. Cases collected in *Green v. Jenkins*, 80 F.R.D. 686 (W.D.Mo.1978). Federal prisoners, who were all Native American Indians, filed an action alleging that prison officials deprived them of their right to freedom of religion because the plaintiffs were not allowed to smoke "sweet grass" in their peace pipes. *Mathes v. Carlson*, 534 F.Supp. 226 (W.D.Mo.1982). And recently, a prisoner filed a civil rights action in a sister division of this Court because the barbecued ribs served by the prison at din-

ner were not as meaty as they should have been.

At first blush, most of the above-cited cases appear somewhat comical. Upon reflection, however, the comedy subsides when one realizes the inordinate amount of judicial time and taxpayer expense that are wasted by these lawsuits. The seriousness of the situation is driven home by the fact that in the last decade the number of civil rights suits brought by prisoners under 42 U.S.C. § 1983 has increased by 450%. *Procedural Aspects of Prisoner § 1983 Cases*, 95 F.R.D. 435 (1982). If the number of prisoner filings increases in the next decade as it has in the past, the proper functioning of the federal district courts and the overall integrity of the judicial system will be seriously threatened.

■ The Federal Rules of Civil Procedure alone are simply inadequate to protect the courts and the defendants, who it should be remembered pay for their defense, from frivolous and malicious litigation from indigent prisoners. The rules are liberal and are designed to secure the just, speedy and inexpensive determination of every action. Under this liberal policy, Rule 12 motions to dismiss can only be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). And while motions to dismiss pursuant to Rule 12 can rarely be granted in the first place, a pro se prisoner complaint is to be given an even *more* lenient reading when challenged under Rule 12. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The liberal approach of the Rules is probably desirable, but the rules contemplate litigants who are limited by the realities of time and expense and who are under moral, legal and ethical constraints to be accurate. *See*, Rule 11. On the other hand, "[w]e know from sad experience with habeas corpus and 2255 cases that imprisoned felons are seldom, if ever, deterred by the penalties of perjury. They do not hesitate to allege whatever they think is required in order to get themselves even the temporary relief of a proceeding in court." *Weller v. Dickson*, 314 F.2d 598, 602 (9th Cir.1963). An experienced writ writer when faced with no sanction whatsoever for misrepresenting facts can often avoid both a Rule 12 motion to dismiss and a motion for summary judgment although he actually has no chance of eventual success on his suit. Even if summary judgment can be granted in favor of the defendant, much expense has been incurred by the taxpayers in financing the plaintiff's cause, by the defendant in retaining counsel to conduct the defense, and by the Court in expending its most precious commodity, time.

It is quite evident to this Court that the federal district courts need an extra measure of authority when faced with actions proceeding in forma pauperis, particularly where the action is brought by a prisoner seeking damages. And this Court concludes that Congress has granted that extra authority by enacting the discretionary provisions of 28 U.S.C. § 1915(d).

■ However, there is presently no uniform standard for reviewing a district court's dismissal pursuant to 28 U.S.C. § 1915(d). In *Smith v. Bacon*, 699 F.2d 434 (8th Cir.1983), the Eighth Circuit Court of Appeals reversed this Court for dismissing a prisoner's action pursuant to 28 U.S.C. § 1915(d) and stated:

> The district court may dismiss an action pursuant to 28 U.S.C. § 1915(d) only if it is "frivolous or malicious." Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears "beyond a doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief." *Wilson v. Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981).

699 F.2d at 436. In the above-cited *Wilson* case, the Eighth Circuit Court of Appeals reversed Judge McManus of the United States District Court for the Northern District of Iowa for dismissing a prisoner's complaint as frivolous under 28 U.S.C. § 1915(d) and asserted:

Under the liberal rules given to pro se petitioners, we find petitioner should have been allowed to docket his complaint and if necessary, give him leave to amend his petition on the grounds that it does not appear beyond doubt that petitioner can prove no set of facts in support of his claims which would entitle him to relief. *See, Haines v. Kerner,* 404 U.S. at 521, 92 S.Ct. at 596.

636 F.2d at 1168. The problem is that the Supreme Court case relied on by the appellate court, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), was an appeal from the district court's granting the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Haines* did not involve a § 1915(d) dismissal. As the Supreme Court stated, a motion to dismiss under Rule 12 should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." But this Court questions whether the Rule 12(b) test is applicable when an action is dismissed pursuant to 28 U.S.C. § 1915(d). *Cruz v. Beto,* 405 U.S. 319, 328, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (Justice Rehnquist, dissenting) ("It is evident from the record before us that the *in forma pauperis* complaint might well have been dismissed as 'frivolous or malicious,' under the discretion vested in the trial court by 28 U.S.C. § 1915(d). This power is not limited or impaired by the strictures of Rule 12(b)."). This Court believes that the proper standard of reviewing a dismissal pursuant to 28 U.S.C. § 1915(d) has previously been stated by the Eighth Circuit Court of Appeals as:

In reviewing the dismissal of a complaint filed in an in forma pauperis proceeding, we employ an abuse of discretion standard. *Forester v. California Adult Authority,* 510 F.2d 58, 60–61 (8th Cir.1975); *Cole v. Smith,* 344 F.2d 721, 723 (8th Cir.1965). It is well within the district court's discretion to dismiss a complaint in an in forma pauperis proceeding if it

determines that it is frivolous. *E.g., Harkins v. Eldredge,* 505 F.2d 802, 804 (8th Cir.1974). Indeed, Congress expressly gives the district court this authority:

"The court ... may dismiss the case ... if satisfied that the action is frivolous or malicious." [28 U.S.C. § 1915(d).]

.... Accordingly, because Van Meter has not shown that the district court abused its discretion in dismissing this action, we affirm.

*Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.1975).

The most compelling reason for applying an abuse of discretion standard to a district court's dismissal pursuant to 28 U.S.C. § 1915(d) is really quite practical. Continued application of the Rule 12 standard to § 1915(d) dismissals will be tantamount to repealing the discretionary provisions of 28 U.S.C. § 1915(d) because the district courts will be forced to grant in forma pauperis status to every prison action that is filed.

■ The importance of applying an abuse of discretion standard to district court's dismissal of an action pursuant to 28 U.S.C. § 1915(d) is demonstrated in the case presently before this Court. Here, a prisoner has alleged that state court judges, the prosecuting attorney and a court clerk conspired to provide false information to this Court in an effort to deny plaintiff access to the courts. Applying the restrictive Rule 12 test, this Court would be required to allow plaintiff to proceed in forma pauperis since it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983); *Wilson v. Iowa,* 636 F.2d 1166, 1168 (8th Cir.1981). However, this Court can, and should, dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915(d) if the abuse of discretion standard as enunciated in *Van Meter v. Morgan,* 518 F.2d at 368, is applied. This

Court knows that the facts alleged by plaintiff in his complaint are not true. The state court judges, the prosecuting attorney, and the court clerk did *not* provide this Court with any information whatsoever. Without discussing plaintiff's cases with anyone, this Court simply inspected plaintiff's state criminal case files to determine whether plaintiff's claim that he was arrested without probable cause had any merit. A review of those public records showed that plaintiff was accorded an extensive preliminary hearing, and on March 10, 1983 a jury in the Circuit Court of Greene County, Missouri held, by virtue of their guilty verdicts, that the state proved beyond a reasonable doubt that plaintiff received stolen property on six different occasions. Based on those public records, the Court denied plaintiff leave to proceed in forma pauperis on plaintiff's Claim III in Case No. 83–3306–CV–S–4 because it was clearly frivolous. And having reviewed those public records without discussion with any state officials, this Court has personal knowledge that plaintiff's complaint in Case No. 83–3356–CV–S–4 is nothing but a hodge podge of false statements of fact. The paradox facing the Court is that plaintiff would be entitled to relief if he could prove all of the facts stated in his complaint. *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972). Nevertheless, it would not be an abuse of discretion to dismiss this case as frivolous under 28 U.S.C. § 1915(d) when the Court knows that the factual basis underlying the plaintiff's complaint is nothing but bold lies. *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.1975). This case exemplifies the reason that Congress granted the district courts broad discretionary authority in 28 U.S.C. § 1915(d).

In any event, plaintiff's cases should also be dismissed under 28 U.S.C. § 1915(d) as malicious. A specific and concise definition of "malicious" cannot be found. The courts have used that term on several occasions to dismiss repetitive filings of lawsuits by the same prisoner. *Green v. Jenkins,* 80 F.R.D. 686 (W.D.Mo.1978) (over 500 cases filed by the same prisoner dis-missed as malicious); *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D.Tex.1977) (178 cases filed by the same prisoner dismissed as malicious). One court, however, has addressed the problem present here, where a state prisoner files a civil rights action against those state officials that successfully prosecuted the prisoner in a state criminal case. In *Daves v. Scranton,* 66 F.R.D. 5 (E.D.Pa.1975), a person who had been convicted on charges of rape and sodomy brought a civil rights action for damages against his victim, a prosecuting attorney, four police officers and a newspaper seeking damages of ten billion dollars. In dismissing the prisoner's lawsuit as frivolous and malicious under 28 U.S.C. § 1915(d), the Court specifically found that the character of the plaintiff's allegations indicated a motive on the plaintiff's part to merely harass, vex and "get revenge" on those state officials that put plaintiff in prison. That case is quite similar to this one. Here, plaintiff was convicted on March 10, 1983 on six counts of receiving stolen property. It is extremely important to note that another criminal case, alleging eight counts of stealing and six counts of burglary in the second degree, is also presently pending against this plaintiff in the Circuit Court of Greene County, Missouri. Within sixty days of his conviction, plaintiff filed a civil rights action against the state court judges, the prosecuting attorney, the clerk of the court, and one of the main witnesses in plaintiff's criminal cases, Detective Asher. Plaintiff's complaints similarly indicate a motive on plaintiff's part to merely harass, vex and "get revenge" against those state officials primarily responsible for plaintiff's state court conviction. This Court finds that the plaintiff's civil rights complaints are merely a veiled attempt to interfere with plaintiff's pending state criminal case, and this Court does not believe that this finding is an abuse of discretion. *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.1975). Even if the plaintiff's suit is not motivated by malice, the pendency of the plaintiff's civil rights actions would tend to intimidate the wit-

nesses that have yet to testify in plaintiff's pending criminal case. Thus, this civil rights action should be dismissed until the state court criminal proceedings have terminated. Intimidation of witnesses is, of course, illegal. 18 U.S.C. § 1503; § 575.270 R.S.Mo. Being well satisfied that the plaintiff's actions are frivolous and malicious, the Court can dismiss the complaints pursuant to 28 U.S.C. § 1915(d).

■ In the alternative, all of the defendants named in Case No. 83–3356–CV–S–4 are immune to monetary relief. The state court judges, the prosecuting attorney and the clerk of the Court are immune from civil liability since they were acting within their judicial or quasi-judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *White v. Bloom,* 621 F.2d 276 (8th Cir.1980); *Barnes v. Dorsey,* 480 F.2d 1057, 1060 (8th Cir.1973). Plaintiff has not stated a claim against his privately retained counsel. And this Court refuses to use its injunctive powers to interfere in a pending state criminal court proceeding. *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971); *Smith v. Bacon,* 699 F.2d 434, 437 (8th Cir.1983).

For the reasons stated above, it is hereby

ORDERED that Case No. 83–3306–CV–S–4 is consolidated with Case No. 83–3356–CV–S–4; and it is further

ORDERED that plaintiff's motion to proceed in forma pauperis in Case No. 83–3356–CV–S–4 is denied; and it is further

ORDERED that both complaints are dismissed as frivolous and malicious pursuant to this Court's discretionary power under 28 U.S.C. § 1915(d).