Lorenzo Edward ERVIN, Jr., Appellant,

v.

Pasquale J. CICCONE et al., Appellees.

No. 77–1313.

United States Court of Appeals, Eighth Circuit.

Submitted July 12, 1977.

Decided July 19, 1977.

---

Lorenzo Edward Ervin, Jr., pro se.

Bert C. Hurn, U.S. Atty., and Frederick O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for appellees.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Lorenzo Edward Ervin, Jr., a former inmate in the United States Medical Center for Federal Prisoners in Springfield, Missouri,[1] brings this action for damages against various prison officials, alleging that while incarcerated at the Center he was placed in punitive solitary confinement without due process, that the conditions of his confinement while in solitary violated the eighth amendment's ban on cruel and unusual punishments, and that the prison officials took retaliatory action against him for his involvement in various *pro se* legal actions.

Ervin attempts to state claims against the individual prison officials arising directly from various constitutional provisions, with federal subject matter jurisdiction based on 28 U.S.C. § 1331, relying on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court (Judge Collinson) dismissed the action, holding that the *Bivens* doctrine is limited to cases alleging fourth amendment violations. Ervin appeals and we affirm, because Ervin fails to state any constitutional violations warranting an award of money damages.

Appellant alleges that on April 25, 1972, upon his arrival at the United States Medical Center from the United States Penitentiary at Terre Haute, Indiana, he was immediately placed in punitive solitary

---

1. Ervin is presently incarcerated in the federal penitentiary at Atlanta, Georgia.

confinement without notice of any charges or a hearing. Assuming this to be true, we do not think that it warrants an award of damages. Although Ervin alleges that he "was arbitrarily and capriciously locked in solitary confinement," he does not allege that appellees did so out of ill will or malice towards him, or that he was placed in solitary confinement for an improper reason. All of the specific allegations relate to a denial of procedural due process. In April 1972, it was at best unclear in this circuit whether prisoners had a right to notice and hearing prior to the imposition of discipline. *See McDonnell v. Wolff*, 342 F.Supp. 616, 627–28 (D.Neb.1972), *aff'd in part, rev'd in part*, 483 F.2d 1059 (8th Cir. 1973), *aff'd in part, rev'd in part*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 435 (1974). Thus, the prison officials are entitled to the good faith immunity from monetary liability outlined in *Wood v. Strickland*, 420 U.S. 308, 316–22, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The fact that this is a claim asserted against federal officials arising directly from the Constitution rather than an action brought pursuant to 42 U.S.C. § 1983 does not affect the application of the good faith defense. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339, 1347–48 (2d Cir. 1972) (upon remand).

■ Ervin also makes a number of complaints about the conditions of his confinement while he allegedly was in punitive segregation from April 26, 1972 until December 14, 1972. Punitive isolation or solitary confinement is not in itself cruel and unusual punishment. *See Burns v. Swenson*, 430 F.2d 771, 777–78 (8th Cir. 1970), *cert. denied*, 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972), and Ervin's conclusory allegations regarding the conditions of his confinement do not describe an environment so destructive to health, safety, and human dignity as to implicate the eighth amendment's cruel and unusual punishment prohibition, such as those described in *Finney v. Arkansas Board of Correction*, 505 F.2d 194, 207–08 (8th Cir. 1974); *Finney v.*

*Hutto*, 410 F.Supp. 251, 274–78 (E.D.Ark. 1976), *aff'd*, 548 F.2d 740 (8th Cir. 1977); *Holt v. Sarver,* 300 F.Supp. 825, 831–33 (E.D.Ark.1969).

■ Finally, we reach Ervin's allegation that the prison officials retaliated against him for his "writ-writing." The only specific activity for which he alleges he was retaliated against was the preparation of legal material for another inmate. Ervin does not allege, however, that the prison officials failed to make available to the other inmate adequate assistance from persons trained in the law. It is no constitutional violation to prohibit Ervin from assisting other inmates so long as prison officials make available to those other inmates assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Ervin therefore fails to state a claim with respect to the only specific incident he alleges. The remainder of his allegations regarding retaliation are broad and conclusory statements unsupported by factual allegations sufficient to support a claim for violation of constitutional rights. *See Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974).

Because we find that Ervin fails to state any constitutional violations warranting an award of damages, we find it unnecessary to comment on the district court's holding that the *Bivens* doctrine is limited to fourth amendment violations. *Cf. Brault v. Town of Milton*, 527 F.2d 730, 738 (2d Cir. 1975) (*en banc*).

Accordingly, the judgment is affirmed.