**William Charles HENDRICKS, Jr., Appellant,**

v.

**Joseph H. HAVENER, Winston Satran, Edward Scheck, Dennis Jacobs, Clarence Zienel and all employees of the North Dakota State Penitentiary, Appellees.**

No. 78–1426.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1978.

Decided Nov. 16, 1978.

William Charles Hendricks, Jr., filed brief pro se.

Edwin F. Zuern, Legal Counsel, Director of Institutions, Bismarck, N. D., filed brief for appellees.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

William C. Hendricks was incarcerated in the North Dakota State Penitentiary in Bismarck, North Dakota, from November 5, 1976, to February 6, 1978. In May of this year he commenced an action against the warden and several other employees and officials challenging conditions of his confinement. He sought injunctive relief as well as compensatory damages. The district court requested a special inquiry by the community programs officer of the United States Bureau of Prisons. Upon receiving the report the court attached the same to his order and dismissed the complaint as frivolous. This appeal followed. We affirm the order of dismissal.

We need not address the procedural complaint directed toward the use of the report as a basis of dismissal. *Cf. Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir. 1978); *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). A district court has broad discretion in dismissal of complaints for frivolity under 28 U.S.C. § 1915(d). The present complaint, along with the records and files of the district court, aside from the report, demonstrate that plaintiff has not stated a claim for relief.

First, plaintiff's prayer for injunctive relief is moot in view of his transfer from the state penitentiary in February 1978. *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir. 1978). Second, there exists no factual allegation which reaches a constitutional dimension.[1] Third, there is no factual allegation of compensable injury. Finally, there exists no allegations of intentional or malicious conduct on the part of the prison officials. *See Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

The order of dismissal is affirmed.

---

1. Included in this group are his claims involving classification procedures, vocational and educational programs, work programs, prison personnel staffing, lack of half-way houses or alternatives, disciplinary measures and all of the claims denominated as "Legal Claims."