**Robert WILSON, Appellant,**

v.

**The STATE OF IOWA, Mr. Gary Winders, Mr. Calvin Auger, Mr. Harold Farrier, and Mr. Lawrence La Barge, Appellees.**

**No. 80–1544.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1980.

Decided Jan. 14, 1981.

Lorna A. Gilbert of Sikma & Gilbert, Sioux City, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. and John G. Black, Sp. Asst. Atty. Gen. and Bruce C. McDonald, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, BENNETT,* Court of Claims Judge, and HENLEY, Circuit Judge.

LAY, Chief Judge.

Robert Wilson is an inmate at the Iowa State Men's Reformatory in Anamosa,

---

\* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

Iowa. He sought leave to proceed in forma pauperis and filed a pro se complaint in the district court in which he alleged that he was illegally punished for disobeying the warden's order prohibiting him from assisting other inmates in preparing legal documents. He sought an injunction against further imposition of illegal punishment by the State of Iowa and the various prison officials and monetary damages against these officials for mental distress, physical punishment and loss of good and honor time.

On May 28, 1980, the district court, the Hon. Edward J. McManus presiding, dismissed Wilson's complaint as frivolous. Wilson filed his notice of appeal and was granted leave by this court to proceed in forma pauperis. We appointed counsel to represent Wilson. The issue in this appeal is whether the district court properly dismissed Wilson's claim as frivolous under section 1915.

Wilson asserts that his complaint alleged facts that would establish (1) fellow inmates were denied access to the courts because he was prevented from assisting them in preparing legal documents and (2) he was denied due process in the adjustment committee hearing where he was found guilty of disobeying the warden's order.

In *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Supreme Court held that a state must allow prisoners to assist each other in the preparation of post-conviction relief petitions unless the state provides some reasonable, alternative means of legal assistance. *Id.* at 490, 89 S.Ct. at 751. *Avery*, was expanded by *Wolff v. McDonnell*, 418 U.S. 539, 579–80, 94 S.Ct. 2963, 2986–87, 41 L.Ed.2d 935 (1974), to include civil rights actions brought by prisoners. In *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir. 1977), a prisoner filed a pro se complaint alleging he was "retaliated against" for writ-writing. This court held that the complaint failed to state a claim because it failed to allege that prison officials did not provide adequate, alternative means of legal assistance.

■ Clearly, if the prison provided no adequate, alternative means to assist pris-

oners in preparing post-conviction relief and civil rights lawsuits, Wilson's complaint would present more than merely a frivolous claim. Although the complaint does not allege that alternative methods of legal assistance were not available at the prison, petitioner's brief states that Alderman, a prisoner Wilson was allegedly assisting, had been denied legal assistance and the use of the library. Jailhouse lawyers have standing to challenge official action that prevents them from assisting other prisoners. *Rhodes v. Robinson*, 612 F.2d 766, 769 (3d Cir. 1979).

■ It is axiomatic that prisoner's pro se civil rights complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and they are held to even "less stringent standards than formal pleadings drafted by lawyers." Under the circumstances and in view of the appointment of counsel, if it can be proved, petitioner should be allowed to amend his complaint to allege that alternative means of legal assistance were not available to the other prisoner. We make this ruling not in contradiction of the *Ervin* case, but in view of the fact that we find the complaint otherwise sufficiently alleges a claim for relief and that the complaint should not have been dismissed as frivolous.

Wilson's pro se complaint alleges:

Lawrence Labarge [sic] did, as chairperson of the adjustment committee willfully, arbitrarily, capriciously, delibratly [sic] and with gross intent, order the plaintiff to spend 4 days of solitary confinement as punishment for assisting other resident's [sic] in law.

The disciplinary report discloses only the conclusory fact that Wilson was "guilty of aiding another resident with legal work after being told not to do so" by Warden Auger on April 16, 1980. The report does not recite the evidence relied upon by the committee in finding that Wilson violated rule 33 when he failed to follow instructions. *See Wolff v. McDonnell*, 418 U.S. at 563–65, 94 S.Ct. at 2978–79. More essentially, there is no showing that any alternative means of legal assistance were reason-

ably provided for prisoners or in their absence that Wilson disobeyed any reasonable restriction as to the time during which or the location where prisoners might provide legal aid to one another.

Our concern should not be mistaken as requiring technical and detailed disciplinary reports. Our concern relates to the ability of all prisoners at the reformatory to be given reasonable aid and assistance within the perimeter of the prison walls to assure the fundamental constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell*, 418 U.S. at 579, 94 S.Ct. at 2986; *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Under the liberal rules given to pro se petitioners, we find petitioner should have been allowed to docket his complaint and if necessary, given leave to amend his petition on the grounds that it does not appear beyond doubt that petitioner can prove no set of facts in support of his claims which would entitle him to relief. *See Haines v. Kerner*, 404 U.S. at 521, 92 S.Ct. at 596.

The judgment is vacated and remanded for further proceedings.