**Charles HORSEY, Appellant,**

v.

**David ASHER, Appellee.**

**No. 83–1870.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1984.

Decided Aug. 23, 1984.

Henri J. Watson, Kansas City, Mo., for appellant.

O.J. Taylor, Taylor, Stafford & Woody, Springfield, Mo., for appellee.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

The plaintiff Charles Horsey is a prisoner without money. He brought this action for damages under 42 U.S.C. § 1983 against a police officer of the City of Springfield, Missouri. The defendant has conceded that the complaint states a claim on which relief can be granted and therefore could not have been dismissed under Fed.R.Civ.P. 12(b)(6). Brief for Appellee 5. The principal question presented is whether such a complaint may nevertheless be dismissed as "frivolous" under 28 U.S.C. § 1915(d). We hold that it may not, and therefore reverse the District Court.

## I.

Horsey filed suit against Asher on May 13, 1983. The original complaint contained ten counts and named four defendants. Designated Record (D.R.) 5–18. The District Court promptly reviewed the allegations and, on May 17, dismissed all but two counts, both naming only Asher as a defendant.[1] The two remaining counts alleged with specificity that Asher, while acting under color of state law, had beaten the plaintiff and seized his truck without probable cause. The District Court granted leave to proceed in forma pauperis on these two counts. It said: "The Court construes those allegations as deprivations of life and property without due process of law." *Horsey v. Asher*, No. 83–3306–CV–S–4 (W.D.Mo., order filed May 17, 1983), slip op. 4 (D.R. 22).

In the course of its discussion of the eight dismissed counts, the District Court observed that some of the claims asserted had already been squarely rejected by the Circuit Court of Greene County, Missouri, in which plaintiff had been convicted of receiving stolen property. Seemingly in response to this passage in the Court's opinion, Horsey filed a new action for damages, this time naming as defendants a lawyer, the Prosecuting Attorney of Greene County, three judges of the Circuit Court of

---

1. This appeal, as originally filed by Horsey *pro se*, sought reversal of all the District Court's actions, including its dismissal out of hand of

eight counts of Horsey's May 13 complaint. On August 1, 1983, we dismissed as frivolous Horsey's appeal with respect to these eight counts.

Greene County, and the Clerk of that Court. The principal claim made in the new complaint was that officers of the state court had improperly given to the District Court false information about the state-court criminal proceedings against plaintiff. *Horsey v. Clerk, Circuit Court for the County of Greene*, No. 83–3356–CV–S–4 (W.D.Mo., complaint filed June 6, 1983) (D.R. 23–33). In the meantime, the defendant Asher (who was named only in the first action) filed an answer generally denying the factual allegations of the two counts surviving against him. D.R. 39–40.

The District Court thereupon on its own motion consolidated the two complaints and dismissed both of them as frivolous and malicious.[2] The Court noted that under Fed.R.Civ.P. 12, as interpreted by the Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), it "would be required to allow plaintiff to proceed in forma pauperis since it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsey v. Asher*, 593 F.Supp. 441, 445 (W.D.Mo., 1983) (D.R. 50). The Court nevertheless took the view that under 28 U.S.C. § 1915, the statute governing proceedings without prepayment of costs, it had discretion to dismiss the complaint. It then did so, largely on the ground that "[t]his Court knows that the facts alleged by plaintiff in his complaint are not true." D.R. 50. The Court explained that in fact no state-court officials provided it with any information. "Without discussing plaintiff's cases with anyone, this Court simply inspected plaintiff's state criminal case files" and determined that plaintiff's claim that he had been arrested without probable

cause had already been decided against him by the state court. D.R. 50.

## II.

■ The first question is whether the two remaining counts of Horsey's first complaint, which concededly state a claim under familiar principles applicable to all civil actions, may nevertheless be dismissed as frivolous, on the basis of the pleadings only and without further proceedings. This question is controlled by our precedents. In *Smith v. Bacon*, 699 F.2d 434 (8th Cir.1983) (per curiam), a case similar in some respects to this one, and also arising, as it happens, out of criminal proceedings in Greene County, we said:

The district court may dismiss an action pursuant to 28 U.S.C. § 1915(d) only if it is "frivolous or malicious." Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears "beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief." *Wilson v. Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981).

699 F.2d at 436. This standard, of course, is the same as the one applicable to pleadings filed by people who can pay the filing fee. See, *e.g.*, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). If we were to interpret § 1915 otherwise, a serious equal-protection question would be raised. A complaint sufficient on its face would be dismissed merely because the plaintiff is poor.

The District Court acknowledged our opinions in *Smith* and *Wilson*, but observed that "[t]he problem is that the Supreme Court case relied on by the appellate court, *Haines v. Kerner*," involved a dismissal under Fed.R.Civ.P. 12(b)(6), not a dismissal under 28 U.S.C. § 1915(d).[3] D.R.

---

**2.** Our order of August 1, 1983, also dismissed as frivolous Horsey's appeal from the dismissal of his second complaint.

**3.** It is true that the Supreme Court's opinion in *Haines* does not mention § 1915. But *Haines* was a civil-rights action brought by a prisoner *pro se* against his jailers, and it was, like this case, brought in forma pauperis, that is, under

§ 1915. See *Haines v. Kerner*, 427 F.2d 71, 72 (7th Cir.1970), *rev'd per curiam*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We think the case holds that *pro se* complaints, even though brought in forma pauperis by prisoners, are entitled to the same pleading rules applicable to paid complaints. Indeed, the Supreme Court's opinion says that "we hold [*pro se* complaints] to less stringent standards than formal plead-

48. The District Court believed that the proper standard for § 1915 cases was stated not by *Smith* and *Wilson,* but by *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.) (per curiam), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975), which holds that dismissals of in forma pauperis complaints will be reversed only if there has been an abuse of discretion. It follows, the Court reasoned, that there is discretion under § 1915 to dismiss a complaint that is well pleaded for Rule 12 purposes.

We disagree. *Smith* and *Wilson* hold that complaints good against a motion to dismiss for failure to state a claim may not be dismissed as frivolous under § 1915(d). We are bound by that holding, and so are the district courts. The abuse-of-discretion standard set out in *Van Meter* is not to the contrary. *Smith* itself refers to this standard, 699 F.2d at 436, and holds that it is an abuse of discretion to dismiss a poor person's complaint as frivolous unless it appears beyond doubt that he can prove no set of facts that would entitle him to relief. In *Van Meter,* the dismissal of a complaint was affirmed, but only because its allegations were contained in another complaint filed in the same court by the same plaintiff. The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee. See also, *e.g., Hendricks v. Havener,* 587 F.2d 21 (8th Cir.1978) (per curiam) (not an abuse of discretion to dismiss as frivolous a complaint that does not contain legally sufficient allegations).

There is no doubt that potential for abuse of the judicial system exists in the practice of allowing persons to pursue claims without having to pay related court costs. And it is true, as noted by the District Court, that *pro se* prisoner complaints filed in forma pauperis add to the work of the courts. Still, the potential for abuse and the administrative burden must be weighed against the right of every person to access to the courts, and complaints may not be more lightly considered simply

ings drafted by lawyers ...." *Id.* at 520, 92

because the petitioner is poor, imprisoned, or acting for himself without a lawyer.

## III.

■ We turn now to the question whether the complaint could properly be dismissed as malicious. Certainly an allegation that the plaintiff knows to be false is "malicious," and a complaint containing only such allegations is properly subject to dismissal under § 1915. Here, the District Court, having itself inspected the records in plaintiff's state criminal case, knew that some of the allegations of the first complaint were without merit, and that the whole basis of the second complaint (improper communication from state officials to the federal court) was also false. Dismissal of these claims, either as frivolous or as malicious, was fully warranted, and our prior order in this appeal upholds this dismissal. But the same cannot be said of the two remaining counts in the first complaint. They alleged specific acts on specific dates in the past, one of them occurring before state criminal proceedings had begun, and no one can say, on the record as it presently exists, whether these allegations are true or not. One cannot tell, by consulting state-court records, whether the defendant beat the plaintiff in 1981, or seized his truck later the same year without probable cause.

The District Court noted that plaintiff had been convicted of receiving stolen property in the state court about two months before filing his first federal complaint, that the defendant Asher had testified against him, and that a second criminal prosecution was pending. The Court inferred that plaintiff's motive in filing suit was revenge, and that allowing the action to be maintained would intimidate witnesses who were to testify in the second criminal case.

We can assume that plaintiff harbors bitter feelings towards officer Asher, in part, at least, because of his having given evidence against him. But if in fact Asher

S.Ct. at 595.

wrongfully beat Horsey and unconstitutionally seized his property, the fact that plaintiff hates the defendant, for these or other reasons, does not justify dismissal of the complaint as malicious. It is the maliciousness of the complaint, not of the plaintiff personally, that is important. It may be assumed that most people who have been deprived of their constitutional rights have little regard for those who have wronged them. But allegations that, for all we now know, may be true, or at least not known to plaintiff to be false, are not "malicious" within the meaning of § 1915(d).

It is also possible that the complaint may be intended to deter Asher from testifying against Horsey at the second trial. (We assume, though it may not be clear from this record, that Asher was to be a witness at the second trial (which may have taken place by now.) But that will always be the case when a state-court defendant sues a potential witness against him. We are unwilling to hold that all such suits may properly be dismissed as malicious on their face. There is nothing in the present record to show that intimidation is more than a bare possibility. Asher has not even said that he feels intimidated. Our conviction that dismissal on the ground of maliciousness is not now warranted is strengthened by the fact that the two counts remaining apparently are based on events unrelated to either state prosecution.

Our holding does not leave the district courts impotent to protect themselves and innocent defendants from a tide of frivolous or malicious complaints. Many of these *pro se* cases are properly dismissed on the pleadings, even under the liberal rules of *Conley* and *Haines.* Many others can be dealt with on summary judgment, on the basis of affidavits or brief discovery. Complaints that are obviously fanciful, see, *e.g., United States ex rel. Mayo v. Satan,* 54 F.R.D. 282 (W.D.Pa.1971), or outrageous, see, *e.g., Daves v. Scranton,* 66 F.R.D. 5 (E.D.Pa.1975) (action by convicted rapist against his victim and others), may and should be swiftly dismissed. So may complaints that are plainly part of a long-

standing pattern of abusive and repetitious lawsuits. See *Green v. Jenkins,* 80 F.R.D. 686 (W.D.Mo.1978) (plaintiff had filed hundreds of cases; 16 claims of the instant complaint had already been litigated unsuccessfully); *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D.Tex.1977) (pattern of abuse and deception found in 178 cases filed by plaintiff). Here, so far as we know, plaintiff has filed only two complaints. That the second one was frivolous or malicious is not a sufficient ground for dismissing the first one.

---

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion. We are grateful to appointed counsel for their diligent service.