620 F.Supp. 903 (1985)
James Lester VALIANT-BEY, Plaintiff,
v.
Terry D. MORRIS, et al., Defendants.
No. N 85-61 C.
United States District Court, E.D. Missouri, E.D.
September 13, 1985.
James Lester Valiant-Bey, pro se.
John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM AND ORDER
HUNGATE, District Judge.
This action is before the Court upon the motion of defendants to strike plaintiff's *904 document captioned "Plaintiff's Traverse in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Reconsideration of Forma Pauperis Status", filed August 12, 1985. The basis for this motion is the fact that the subject document was signed by Horace W. Bonner on behalf of plaintiff James Valiant-Bey.
Defendants argue that it is inappropriate and unlawful for Bonner to sign pleadings and other papers on behalf of plaintiff as plaintiff's counsel, because Bonner is not licensed to practice law before this Court.
Defendants' motion to strike will be sustained. The law requires that only parties themselves, or their legal counsel as permitted by court rule, may plead and conduct their litigation. 28 U.S.C. § 1654. Rule 11, Federal Rules of Civil Procedure, requires that all pleadings and motions be signed by the party or his attorney. Local Rule 2(F) of this Court provides that any person engaging in the unauthorized practice of law before this Court is guilty of contempt of court.
The response of Bonner to the instant motion admits that he is not a licensed attorney but is a "counselor", as that term is generally defined. However expansively defined the term "counselor" is in general parlance, proper court management and the enforcement of the law requires that only parties or their properly licensed legal representatives be allowed to act as attorneys in a court of law. Buttressing the Court's determination of this motion is the undisputed fact that plaintiff Valiant is not now incarcerated in the same institution as Horace Bonner. Rather, he has been transferred to the Kansas State Penitentiary.
The Court's ruling should not be interpreted as a limitation upon an incarcerated prisoner's right to seek advice from an unlicensed jailhouse lawyer in making determinations for himself concerning the conduct of his litigation. The rulings of the courts in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); and Wilson v. Iowa, 636 F.2d 1166 (8th Cir.1981), are not inconsistent with this Court's holding. There has been no argument that plaintiff Valiant-Bey is illiterate or otherwise unable to communicate with the Court. Such disqualification of lay counsel to a litigating prisoner was affirmed in Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. 1982).
Whereupon,
IT IS HEREBY ORDERED that the motion of the defendants to strike the document captioned "Plaintiff's Traverse in Opposition to Defendants' Motion to Dismiss or in the Alternative Reconsideration of Forma Pauperis Status" filed August 12, 1985 be and it is sustained;
IT IS FURTHER ORDERED that Horace Bonner not sign documents in this action on behalf of plaintiff James Lester Valiant; and
IT IS FURTHER ORDERED that plaintiff have an additional twenty days to file a response to the pending motion of the defendants to dismiss the action or to reconsider the granting of in forma pauperis status, filed July 5, 1985. The Clerk shall mail a copy of this Order to plaintiff at the Kansas State Penitentiary, Lansing, Kansas.