986 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Doyle J. WILLIAMS, Appellant,
v.
UNKNOWN HINES, R.N., also known as Nancy Tynes; Robert
Mankin, Appellees.
 No. 92-3286.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 26, 1993.
Filed: February 3, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Doyle J. Williams, a Missouri inmate incarcerated at Potosi Correctional Center, appeals from the district court's[1] grant of summary judgment for defendants and denial of his cross-motion for summary judgment in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 On August 9, 1991, defendant Nancy Tynes (incorrectly identified as "Ms. Hines" in the complaint), a nurse at Potosi, issued a conduct violation to Williams charging that he violated institutional Rule 20 (disobeying a direct order). The conduct violation arose from Williams's failure to pick up his monthly medications on that date. On August 13, 1991, defendant Robert Mankin, a caseworker at Potosi, conducted a disciplinary hearing on the Rule 20 charge. After hearing Williams's statement and reviewing the record, Mankin determined that Williams was guilty of the violation. Mankin assigned Williams to eight hours of extra food service duty as punishment.
 
 
 3
 Williams then brought this action against Tynes and Mankin seeking injunctive relief and damages. He claimed that his due process rights were violated because the violation report was false; he had not disobeyed a direct order; and there was no evidence to support the finding of guilt. He also claimed that defendants' actions were retaliatory because of his prior litigation and whistle-blowing activities. Defendants moved to dismiss, attaching various documents to their motion. These documents included two inter-office communications (IOCs). An IOC dated July 10, 1991, addressed to inmates in Williams's housing unit, advised that new steps for picking up medications were being instituted: the distributions would take place on Fridays; lists of inmates receiving medications on a given Friday would be posted at least twelve hours prior to the distribution time; it would be the inmates' responsibility to check the list; and if listed inmates did not either pick up their medications or sign a refusal slip, they would receive conduct violations. An IOC dated August 6, 1991, also addressed to inmates in Williams's housing unit, instructed Williams and other listed inmates to pick up their medications on Friday, August 9, 1991, between 1:00 and 2:00 p.m. Williams resisted this motion and filed a motion for summary judgment, adding the claim that Mankin did not supply him with written reasons for the disciplinary action. The district court converted defendants' motion to dismiss to a motion for summary judgment, and granted summary judgment to defendants.
 
 
 4
 We conclude that the district court correctly granted summary judgment for defendants. Contrary to Williams's protestations, there was "some evidence" to support the finding of guilt. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (due process requirements satisfied if some evidence supports disciplinary board decision). Although Williams picked up some medication for an ear infection on Thursday, August 8, 1991, he did not pick up his monthly medications on Friday, August 9, 1991. Defendants asserted in their motion to dismiss that they had posted the relevant IOCs in Williams's housing unit, and they attached these IOCs to their motion. These IOCs warned inmates that a conduct violation would be issued to them if they failed to pick up their medications or to sign a refusal slip. Although Williams contends that these IOCs either were not posted or were not posted in a reasonable location, it is not our function to review the disciplinary officer's findings if there is any evidence to support them. See Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam).
 
 
 5
 We also reject Williams's argument that Mankin failed to supply him with the reasons for the disciplinary action. The disciplinary action report reflects that Williams was punished because he was found guilty of violating Rule 20, and the report sets out the evidence relied upon in reaching the decision. Defendants need not specify why a particular sanction is imposed, as Williams suggests. Williams's retaliation claims, which are broad, conclusory, and lack specific factual support, are insufficient to state a constitutional claim. See Ervin v. Ciccone, 557 F.2d 1260, 1262 (8th Cir. 1977) (per curiam). We deny Williams's motion to strike certain exhibits from the record.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri