_____

No. 95-3798
_____

William Cooper
                                    *
        Plaintiff - Appellant      *
                                    *  Appeal from the United States
    v.                              *  District Court for the Western
                                    *  District of Missouri.
Wood, Caseworker; James Gammon;     *
O'Brien, Lt.; Gary W. McCarter;     *          [UNPUBLISHED]
Stobietto, Caseworker; Robert D.    *
Riley; Charles Baker                *
                                    *
        Defendants - Appellees      *
                                _____

            Submitted: February 12, 1997

               Filed: April 15, 1997
                                _____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,* District Judge.
                                _____

PER CURIAM


        William Cooper appeals from the final judgment of the District Court
for the Western District of Missouri dismissing as frivolous and malicious
Cooper's 28 U.S.C. § 1983 action.  For the reasons discussed below, we
reverse and remand for further proceedings.

        Cooper filed the instant complaint, making several claims relating
to his transfer to the Moberly Correctional Center.  In his

_____

        *The HONORABLE ANDREW W. BOGUE, United States District Judge
for the District of South Dakota, sitting by designation.

report, recommendation, and order, the magistrate judge granted Cooper leave to proceed in forma pauperis and ordered service of process. The defendants thereafter moved for summary judgment and Cooper moved for additional time to respond to that motion. Without ruling on Cooper's motion, the district court dismissed the case.

In Cooper v. Malone, No. 93-4424-CV-C-5 (W.D. Mo. Sept. 8, 1995), *aff'd*, 65 F.3d 172 (8th Cir. 1995), *cert. denied*, 116 S.Ct. 1329 (1996), following a jury trial on Cooper's excessive force claims, the district court, upon its own motion, found Cooper had made false accusations, misrepresented the expected testimony of witnesses, and ignored court orders limiting his cross-examination. The court further found that Cooper presents false, frivolous and malicious claims; has abused the judicial process; has imposed unnecessary burdens on, and useless consumption of, court resources; and has admitted that he files lawsuits to "get back at the system and to give [the state] something to do." In the same "Findings and Order" filed in the Cooper v. Malone case, the court, *sua sponte*, found that both Cooper v. Malone and the instant case were frivolous and malicious. The court entered judgment dismissing the instant case "[i]n accordance with [its] findings and order in Cooper v. Malone . . . on the authority of 28 U.S.C. § 1915(d)." On appeal, Cooper argues the district court erred in relying on findings in Cooper v. Malone to dismiss his complaint in the instant case under § 1915(d).

We agree that Cooper's claim in this case cannot be dismissed under § 1915(d) without the district court first making specific findings relative to the frivolity or maliciousness of the claim. Generally, the determination of whether a complaint is frivolous or malicious precedes the decisions of whether to proceed in forma pauperis and whether process should be issued and served. Gentile v. Missouri Dept. of Corrections, 986 F.2d 214, 217 (8th Cir. 1993). If the complaint is frivolous or malicious, it should be dismissed out

of hand.  <u>Id</u>.  If it is not frivolous or malicious, in forma pauperis should be granted, and process issued and served.  <u>Id</u>.  "The case should then proceed under the Federal Rules of Civil Procedure as any paid complaint does, except that if the Court becomes convinced at any time that the complaint is frivolous or malicious, it may revoke in forma pauperis status and dismiss the complaint under 28 U.S.C. § 1915(d)."  <u>Id</u>.

In <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), the Supreme Court indicated a complaint is frivolous within the meaning of § 1915(d) "where it lacks an arguable basis either in law or in fact."  The Court, however, did not define what is "malicious" under § 1915(d).  Our cases have interpreted "malicious" to apply to situations where the plaintiff knows the allegations to be false, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984); where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits," <u>Id</u>. at 213; and where the complaint contains disrespectful references or abusive language, <u>In re Tyler</u>, 839 F.2d 1290, 1293 (8th Cir. 1988)(per curiam).

With respect to the case at bar, the district court made no record findings upon which to base its conclusion that the complaint is "frivolous and malicious."  The court, in the context of another case, merely found that Cooper has abused the judicial process in the past.  A complaint filed in forma pauperis, however, is not subject to dismissal simply because the plaintiff is litigious.  Rather, the substance of the claim is the appropriate measure.  *See*, <u>Crisafi v. Holland</u>, 655 F.2d 1305 (D.C. Cir. 1981); *and* <u>Horsey</u>, 741 F.2d at 213 ("It is the maliciousness of the complaint, not of the plaintiff personally, that is important").  Moreover, a finding that one complaint is frivolous or malicious is not sufficient grounds for dismissing a separate complaint as frivolous or malicious. <u>Horsey</u>, 741 F.2d at 213.

Accordingly, we reverse the dismissal and remand for the district court, in its discretion, to make specific findings to justify dismissal of this case or to proceed with the case on the merits.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.