**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEO J. SCHWARTZ, III,

      Plaintiff-Appellant,

v.

CLINT WELLBORN, Socorro County
District Attorney, in his individual and
official capacities; STACEY A.
WARD, in her individual and official
capacity as Socorro County Chief
District Attorney; SHANE ARTHUR;
RICHARD MATTHEWS; ART
ORTIZ; NATHAN LUCERO; KEVIN
BRUNO; SOCORRO POLICE
DEPARTMENT; ROCKY
FERNANDEZ, in his individual and
official capacity; ANGEL GARCIA,
in her individual capacity; JOEL
HALEY, in his individual capacity;
MARTIN BENAVIDEZ, in his
individual and official  capacity;
LAWRENCE MONTANO, in his
individual and official capacity;
LAWRENCE ROMERO, in his
individual and official capacity;
REBEKAH GONZALES, in her
individual and official capacity;
JOHN ARMIJO, in his individual and
official capacity,

      Defendants-Appellees.

No. 08-2231
(D.C. No. 1:08-CV-00228-MCA-RLP)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Leo J. Schwartz III, a former New Mexico state prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 action for failure to show cause why he should be excused from paying the full filing fee within thirty days. We reverse and remand.

### I.

While incarcerated, Mr. Schwartz submitted his civil-rights complaint to the district court alleging violation of his constitutional rights during state-court criminal proceedings concerning the murder of his wife. He also filed a prisoner's motion to proceed under 28 U.S.C. § 1915(b) without prepayment of the filing fee, accompanied by an affidavit, copies of his prisoner-account statements, and a financial certificate. Noting that Mr. Schwartz paid the $350 filing fee in another action, the magistrate judge ordered Mr. Schwartz to pay the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

full filing fee within twenty days or show cause why the payment should be excused. The magistrate judge, however, granted the motion to proceed under § 1915(b).

Rather than a direct response to the show-cause order, Mr. Schwartz filed a motion for a continuance. Among other things, the motion requested an extension of time to accumulate funds to pay the filing fee. The magistrate judge granted the continuance and gave the plaintiff an additional 30 days to either pay the filing fee or show cause why the complaint should not be dismissed. Mr. Schwartz's responsive filing this time was a "Motion to Cure Deficiency." R. at 145. He asserted that he had not yet received his 20¢ per hour wages for his prison job, but that he would be able "to secure the remainder of the amount owed on the filing fee" after his approaching date of release. *Id.* at 146.

The district court found this response unsatisfactory. It observed that in Mr. Schwartz's earlier-filed action, which seemed to duplicate the defendants and claims in the instant case, he listed assets and paid the filing fee in a single payment.[1] Concluding that Mr. Schwartz had "failed to show cause why he should be excused from paying the filing fee," the district court dismissed the complaint without prejudice. *Id.* at 152.

---

[1] That case, *Schwartz v. Socorro County Det. Ctr.*, No. 07-cv-01106-RB-GBW, remains pending in district court.

Still a prisoner, Mr. Schwartz filed a notice of appeal, along with a motion and affidavit to proceed ifp on appeal without prepayment of fees under 28 U.S.C. § 1915(b). The district court did not rule on that motion. After commencing the appeal, Mr. Schwartz was released from custody.

## II.

We review a dismissal for noncompliance with court orders for abuse of discretion. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, quotation, and brackets omitted).

"Under the 1996 Prison Litigation Reform Act (PLRA), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The statute "also establishes a prepayment scheme, including an initial payment of a portion of the funds available in a prisoner's account and subsequent installments based on fixed percentages of the amount in the prisoner's account when the full fee is not initially paid." *In re Smith,* 114 F.3d 1247, 1250 (D.C. Cir. 1997). (citing § 1915(b)(2)).

-4-

Mr. Schwartz followed provisions of the PLRA by filing a motion to proceed in forma pauperis as a prisoner under § 1915, an accompanying affidavit purportedly demonstrating his inability to pay the filing fee, and a certified copy of his inmate account statement. *See* 28 U.S.C. § 1915(a)(1)-(2). The district court *granted* the motion. Nevertheless, it dismissed Mr. Schwartz's case for failure to show cause why he should be excused from prepayment of the full filing fee.

At the time Mr. Schwartz filed his motion, his payment obligations were dictated by statute. Upon qualifying as an indigent prisoner, he was "ultimately" obligated to "'pay the full amount of the filing fee.'" *Cosby*, 351 F.3d at 1326 (quoting § 1915(b)(1)). But he did not need to "pay federal court filing fees in full prior to initiating litigation." *Id.* The order of dismissal, coupled with the grant of in-forma-pauperis status, is contrary to provisions of the PLRA.

The district court's finding of poverty is therefore unclear. It is conceivable that the court was applying 28 U.S.C. §1915(e)(2) to its examination of Mr. Schwartz's complaint and affidavit. Under that provision, an action should be dismissed "at any time" upon the court's determination "the allegation of poverty is untrue" or the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *Id.*[2]

---

[2]    We note that courts have dismissed a duplicative complaint as frivolous.
(continued...)

In the unusual circumstances of this case, we reverse the district court's order and remand for a determination of his poverty, taking into account the plaintiff's present circumstances. We do not address Mr. Schwartz's contention that his release from prison means that provisions of the PLRA no longer apply to him.

**IV.**

We REVERSE the district court's order of dismissal without prejudice and REMAND for further proceedings in accordance with this opinion. We GRANT Mr. Schwartz's motion to proceed in forma pauperis on appeal.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[2](...continued)
*See, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissing appeal with application for ifp status as frivolous because "it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit"); *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984) ("The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee.").