# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2416
_____

Maurice Williams,

*Plaintiff - Appellant,*

v.

City of St. Louis; Burton Barr, Chaplan, Individually and Officially; Richard Gray, Director, Individually and Officially; Melvin Diggs, Correctional Officer, Individually and Officially; Sydney Turner, Correctional Officer, Individually and Officially; Len Crenshaw, Supt., Individually and Officially; Irene Mitchell, Individually and Officially; Dale Glass, Commissioner, Individually and Officially; Unknown Irving, Correctional Officer III, Individually and Officially,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 16, 2015
Filed: December 21, 2015
[Unpublished]
_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Maurice Williams, an inmate at the St. Louis City Justice Center, appeals from the district court's[1] 28 U.S.C. § 1915(e)(2)(B) dismissal of his action alleging violations of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Following de novo review, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we grant Williams's motion to proceed in forma pauperis and summarily affirm.

We conclude that the district court properly dismissed Williams's section 1983 claims against the city of St. Louis and the individual defendants in their official capacities because he did not allege that any city policy or custom was responsible for the violations of his rights. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-90 (1978).

We also agree that his section 1983 claims against the individual defendants in their individual capacities failed. As to Williams's claim that he was kept in solitary confinement for 23-24 hours at a time for non-disciplinary reasons and was served food at unsafe temperatures, he failed to allege facts indicating that his confinement led to any substantial risk of harm or immediate danger to health, or that defendants knew of and deliberately ignored the likelihood of harm. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1044-45 (8th Cir. 2012); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *Ervin v. Ciccone*, 557 F.2d 1260, 1262-63 (8th Cir. 1977). As to his claim that he was subjected to weekly strip searches, he failed to allege facts indicating that the strip searches were exaggerated beyond what was necessary for genuine security considerations, *see Bell v. Wolfish*, 441 U.S. 520, 559-62 (1979); *Story v. Foote*, 782 F.3d 968, 971-72 (8th Cir. 2015), or that defendants conducted the searches with deliberate indifference to his health or safety, *see Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994).

---

[1]The Honorable Judge Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Finally, in his amended complaint, Williams made only a conclusory allegation that he was denied a religious diet. We agree with the district court that the allegation was insufficient to state a claim under RLUIPA that was plausible on its face, as Williams did not establish a substantial burden on his religious beliefs. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf.* 42 U.S.C. 2000cc-1(a); *Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009); *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004).

Accordingly, we affirm.

_____